# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

CLAYTON HORTON,

    Plaintiff,                             CASE NO. 08-CV-10555

v.                                      DISTRICT JUDGE DENISE PAGE HOOD
                                           MAGISTRATE JUDGE CHARLES BINDER
MICHIGAN DEPARTMENT OF
CORRECTIONS,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## IN PRISONER CIVIL RIGHTS CASE

**I.**      **RECOMMENDATION**

It is **RECOMMENDED** that the District Court order the **TRANSFER** of this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1406(a), because venue lies in that district. 28 U.S.C. § 1391(b).

**II.**      **REPORT**

By order of U.S. District Judge Denise Page Hood, this case was referred to the undersigned magistrate judge for general pretrial case management on March 17, 2008. Plaintiff is a state prisoner currently incarcerated at the Michigan Department of Corrections' Boyer Road Correctional Facility in Carson City, Michigan. Plaintiff's *pro se* civil rights complaint was filed on February 7, 2008. Plaintiff alleges that the Michigan Department of Corrections and Doctor

Claron D. Alldredge[1] were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when, in 2006, he underwent two surgeries for cataracts that rendered his left eye useless and has caused him extreme pain and suffering.

Venue in a federal question case lies in the district in which any defendants reside or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Defendant Michigan Department of Corrections (MDOC) operates out of Lansing, Michigan, which is in Ingham County. Defendant Dr. Claron D. Alldredge's office address is listed as being in Traverse City, Michigan, which is in Grand Traverse County. The complaint avers that Plaintiff was taken to the eye specialist in Traverse City and that at least one of his surgeries occurred at Munson Hospital in Traverse City. Ingham County and Grand Traverse County are both located within the geographical boundaries of the United States District Court for the Western District of Michigan. 28 U.S.C. § 102(b).

I further note that Plaintiff is currently incarcerated in Carson City, Michigan, which is in Montcalm County. Montcalm County is also within the boundaries of the Western District. *Id.*

The United States Code provides for case transfer to a district or division in which venue lies when such transfer is in the interest in justice. 28 U.S.C. § 1406(a). In this case, where the Plaintiff and Defendants all reside in counties within the boundaries of the Western District of Michigan, and the events which form the basis of this action also occurred there, I suggest that the case be transferred to the Western District where venue is proper.[2]

---

[1] For some reason, despite the fact that Plaintiff listed Dr. Alldredge as a defendant in the section of his complaint marked "Additional Defendants," his name does not appear on the docket.

[2] The Western District should be aware that the complaint has not yet been screened pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1).

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                               s/ *Charles E Binder*
                                               CHARLES E. BINDER
Dated: April 7, 2008                              United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, served on Clayton Horton by First-Class Mail, and served on U.S. District Judge Hood in the traditional manner.

Dated: April 7, 2008                             By     s/Mimi D. Bartkowiak
                                                                                    Law Clerk to Magistrate Judge Binder